The opinion of the Court was delivered by
Wardlaw, J.
The general rule of the English practice was, until a very recent period, without exception, that the party who has to maintain the only affirmative or all the affirmatives in the issue oi issues, made by the pleadings on the trial, is entitled to begin and reply in argument. (3 Chit. Gen. Prac. 872; Cotton vs. James, 1 Mood. & Malk. 275; 22 Eng. C. L. R. 305, and *236 note by reporter.) If the defendant had the affirmative, it was thought that a question of damages, which must necessarily go to the jury with the issue, and be considered by them if the issue should be found for the plaintiff, did not make a difference : not even in those cases where the plaintiff was obliged to prove damages in order to have recovery of any more than nominal damages, and where the defendant was allowed to reply in evidence concerning damages to the plaintiff’s evidence, (which had gone not only to disprove the issue, but to show the damage sustained,) and of course the plaintiff was allowed, by rejoinder in evidence, to reply to the defendant’s answer concerning damages. It was said that the question of damages does not give the plaintiff’s counsel a right to begin, because the defendant is the actor, and has undertaken to show that which may prevent the consideration of damages : and does not give him a right to reply, because if the issue should be found for the defendant, it would be a waste of time to inquire into damages. The case was different, whereby a judgment by default as to part, or by anything else in the pleadings, the claim for some damages, instead of being contingent and secondary, as where it depended on the decision of an issue, was indefeasible, whatever might be the result of the issue : and, of course, upon a mere writ of inquiry the plaintiff began and replied.
The inconveniences of allowing the defendant, by tendering an unimportant issue, to have, in all cases, the beginning and reply, although the matters submitted to the jury necessarily involved, in case of a verdict for the plaintiff, the inquiry of damages, induced the fifteen Judges of England, in 1832, to introduce an exception to the general rule, to this effect: in actions for personal injuries, also libel and slander, the plaintiff shall begin, although the general issue may not have been pleaded, but there is only a special issue, the affirmative of which is on the defendant. (Carter vs. Jones, 6 Car. & P. 64 ; 25 Eng. C. L. R. 283.) In all other oases the general rule was left undisturbed, although further modifications of it are said by some of the reporters to have been contemplated.
*237 In our Court the general rule, as it formerly prevailed in England, has long been established by rule of Court, and is contained in the revised rules which were adopted in 1837.(a) In May, 1833, it was held to be applicable to an action of slander, (anonymous, 1 Hill, 251:) it has often since been recognized and applied in practice. In this case the defendant took the risk of sustaining the allegation he had made: there was nothing in the nature of the issue which could have rendered it difficult for the plaintiff’s counsel to anticipate the course of the reply upon the issue : the distinct question presented by the issue, with instructions as to the burden it imposed upon the defendant, was carefully submitted to the jury : and the result has shown that if a reply upon the question of damages had been given to the plaintiff’s counsel, and he had confined himself, as he should have done, to that question, there would have been mere waste of time and trouble, as the question of damages never came to be considered.
Upon the facts it is needless to comment. This Court has carefully reviewed the report of them, and considered the observations which have been addressed to it on the part of the plaintiff. This is one of many cases in which the verdict of the jury must be conclusive, for according to the impression which this or that portiotr of the testimony might have produced, might the finding have been on one side or the other.
The motion is dismissed.
O’Neall, Evans, Frost and Withers, JJ. concurred.
Whitner, J. absent.

Motion dismissed.

(a) 62 Rule, Miller, 42.